**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. 24-CR-162-RBW** |
| **TIMOTHY DELONTE WILLIAMS, et al.,** | |
| **Defendants.** | |

**GOVERNMENT'S REPLY TO DEFENDANTS' OPPOSITION TO OMNIBUS MOTION IN LIMINE**

The defendants oppose the government's Motion in Limine seeking to preclude them from impeaching the kidnapping victim, Y.A., with evidence of his prior resisting arrest charge. Because Y.A. resolved that matter with a probation before judgement disposition, it does not qualify as a conviction under Federal Rule of Evidence ("FRE") 609. And even assuming that Y.A.'s charge for resisting arrest does qualify as an impeachable conviction, the defendants should be precluded from impeaching Y.A. about that charge because the probative value of the conviction is substantially outweighed by its prejudicial effect.

## I. Y.A.'S PRIOR CHARGE FOR RESISTING ARREST IS NOT AN IMPEACHABLE CONVICTION UNDER FEDERAL RULE OF EVIDENCE 609.

Y.A.'s resisting arrest charge that was resolved via probation before judgement is not an impeachable conviction under FRE 609. *See* Md. Code Ann., Crim Proc. § 6-220(i)(1) (West 2024) ("Discharge of a defendant under this section shall be without judgement of conviction and is not a conviction for the purpose of any disqualification or disability imposed by law because of conviction for a crime."). The defendants contend that if the defendant admitted guilt or was found guilty as a predicate to receiving probation before judgment, that underlying finding may qualify as a conviction. *See* ECF Nos. 90 at 2; 103 at 2. But the defendants do not cite any caselaw for

that proposition.

Moreover, federal courts have precluded impeachment where a defendant's prior conviction was set aside or expunged upon the successful completion of probation. *See United States v. Georgalis,* 631 F.2d 1199, 1202–04, n.3 (5th Cir. 1980) (explaining that "by operation of Florida law there existed no conviction by which [defendant] could be impeached pursuant to Fed. R. Evid. 609" where the defendant was sentenced by state court but final adjudication was delayed pending satisfactory completion of probation); *United States v. LeBlanc,* 612 F.2d 1012, 1013 (6th Cir. 1980) (explaining where defendant in larceny prosecution was given probation and youth trainee status "[s]uch an assignment does not constitute conviction of a crime within the meaning of Rule 609."); *Mills v. Estelle*, 552 F.2d 119, 121 (5th Cir. 1977) ("The effect of [the state statute under which defendant was placed on probation] is that prior convictions may not be used to impeach testimony if the prior conviction resulted in probation which has been successfully completed."). Accordingly, the Court should preclude the defendants from cross-examining Y.A. about his prior resisting arrest charge.

However, even if the Court were to conclude that Y.A.'s resisting arrest charge did qualify as an impeachable conviction pursuant to FRE 609, the probative value of the conviction does not outweigh its prejudicial effect. "Non-defendant witnesses may generally be impeached by evidence of a prior conviction if the prior conviction was punishable by death or by imprisonment for more than one year—i.e., typically, a felony—or if the elements of the crime included a dishonest act or false statement." *United States v. Parker*, 25-CR-96 (JDB), 2026 WL 482530, at *4 (D.D.C. Feb. 20, 2026) (citing Fed R. Evid. 609(a)(1)(A), (2)). "The latter category are offenses that involve duplicity, such as perjury, fraud, or embezzlement." *Id.* Where a conviction is older than 10 years, it is only admissible if "its probative value, supported by specific facts and

circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). And "felony convictions not involving dishonesty may nevertheless be excluded if the evidence would otherwise be inadmissible under Rule 403." *Id.* (citing Fed. R. Evid. 609(a)(1)(A)).

Where a non-defendant witness has previously been convicted of a felony, those convictions are generally admissible. *Parker*, 2026 WL 482530, at *4. This is because, under Rule 609(a), "all felony convictions less than 10 years old have at least some probative value on the issue of credibility." *United States v. Lipscomb*, 702 F.2d 1049, 1073 (D.C. Cir. 1983). Thus, "if a party seeks to preclude evidence of such a felony conviction for a non-defendant witness, that party must demonstrate that the prejudicial effect of such evidence substantially outweighs the inherent probative value assigned by Congress." *Parker*, 2026 WL 482530, at *4. When weighing the probative value of a prior conviction, courts in this Circuit consider the following factors: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony to the case; (4) the importance of the credibility of the defendant; and (5) generally, the impeachment value of the prior crime." *United States v. Anderson*, 174 F. Supp. 3d 104, 10 (D.D.C. 2016).

In evaluating the probative value of a particular conviction to a witness' character for truthfulness, the D.C. Circuit has recognized that violent crimes reflect more strongly on credibility than, say, crimes of impulse, or simple narcotics or weapons possession. *Lipscomb*, 702 F.2d at 1071. This is because a violent crime, like a robbery, is "a serious crime that shows conscious disregard for the rights of others." *Id.* The D.C. Circuit has also noted that there "is less risk of prejudice when a defense witness other than the defendant is impeached through a prior conviction because the jury cannot directly infer the defendant's guilt from someone else's criminal record." *Id.* at 1063.

Here, the balancing factors weigh against the admission of Y.A.'s resisting arrest charge for impeachment purposes as any probative value of the charge is outweighed by its prejudicial effect. Although Y.A.'s credibility is central to the trial, and therefore that factor weighs in favor of the admission of the charge for impeachment purposes, the remaining factors weigh in favor of exclusion. First, the crime at issue, resisting arrest, is a crime of impulse rather than a crime that "weighs more heavily on a witness' credibility. Second, resisting arrest is not especially probative of truthfulness compared to crimes that involve deception or stealth. *See United States v. Wilkins*, 538 F. Supp. 3d 49, 85 (D.D.C. 2021) ("[C]ertain types of felony offenses, that do not involve any false statement by the perpetrator, have been found to not be particularly probative of a witness's credibility."). Thus, the nature of the charge provides minimal probative value as to Y.A.'s credibility. Additionally, the age of the charge, six years, while within the ten-year threshold set forth in Rule 609, demonstrates that this charge is somewhat dated. Accordingly, the defense should be precluded from cross-examining Y.A. on his prior charge for resisting arrest.

## **CONCLUSION**

For the reasons set forth above, the United States respectfully requests that the Court grant its Motion in Limine (ECF No. 75) and preclude the defendants from impeaching Y.A. with his prior resisting arrest charge.

Respectfully submitted,

JEANINE FERRIS PIRRO.
UNITED STATES ATTORNEY

By: */s/ Benjamin Helfand*
BENJAMIN HELFAND
D.C. Bar No. 1658708
Assistant United States Attorney
United States Attorney's Office for the
District of Columbia
601 D Street NW
Washington, D.C. 20530
(202) 252-7059
Benajmin.Helfand@usdoj.gov

By: */s/ Joshua Satter*
JOSHUA SATTER
N.Y. Bar No. 5477112
Assistant United States Attorney
United States Attorney's Office for the
District of Columbia
601 D Street NW
Washington, D.C. 20530
(202) 252-6885
Josh.Satter@usdoj.gov